**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50437 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01324-DSF-1 |
| v. | |
| ROBERT PAUL SAAD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted January 10, 2013[**]
Pasadena, California

Before: O'SCANNLAIN and W. FLETCHER, Circuit Judges, and
HELLERSTEIN, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

1

Robert Paul Saad ("Appellant") appeals the 80-month sentence imposed following his plea of guilty to mail fraud in violation of 18 U.S.C. § 1341. Specifically, Appellant challenges (1) the application of the two-level, "sophisticated means" enhancement of United States Sentencing Guidelines § 2B1.1(b)(9)(C), 2010 edition, in calculating his sentence and (2) an upward departure from the Sentencing Guidelines range pursuant to U.S.S.G. § 4A1.3(a)(4)(B) based on the inadequacy of criminal history category VI.[1] We assume familiarity with the record. We affirm the district court's sentence.

I

In calculating Appellant's total offense level in accordance with the Sentencing Guidelines, the district court imposed a two-level increase pursuant to U.S.S.G. § 2B1.1(b)(9)(C) because the offense involved "sophisticated means." A challenge to the district court's application of the "sophisticated means" enhancement is reviewed for clear error. *United States v. Aragbaye*, 234 F.3d 1101, 1107-08 (9th Cir. 2000).

[1]Appellant was sentenced pursuant to the 2010 edition of the U.S. Sentencing Guidelines Manual. Citations to the Guidelines in this memorandum refer to that edition. The 2012 edition of the Sentencing Guidelines includes the "sophisticated means" enhancement at § 2B1.1(b)(10)(C).

Appellant's conviction arises from a scheme to defraud California's Employment Development Department and Franchise Tax Board, the U.S. Treasury, and various financial institutions. Appellant created and used four fictitious companies and eight different mailing addresses. He also stole the identities of 44 individuals, using their names, Social Security numbers, and dates of birth. Accordingly, the district court did not clearly err in finding Appellant's offense involved "sophisticated means."

II

Appellant had a total of 32 criminal history points, establishing a criminal history category of VI and a Sentencing Guidelines range of 37 to 46 months imprisonment. The district court imposed a sentence of 80 months, applying an upward departure from category VI pursuant to U.S.S.G. § 4A1.3(a)(4)(B), which provides,

> If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.

U.S.S.G. § 4A1.3(a)(1).

3

We review the district court's application of this provision, and the imposition of a sentence departing from the Guidelines range, for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We "consider the substantive reasonableness of the sentence imposed...tak[ing] into account the totality of the circumstances," and "giv[ing] due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on the whole, justify the extent of the variance" from the Guidelines range. *Id*. at 51.

The imposition of an 80-month sentence was substantively reasonable and was not an abuse of discretion given Appellant's pattern of continuous and uninterrupted criminal activity. At the time he was sentenced, Appellant was a 44-year-old man convicted of 24 crimes, at least 18 of which were felonies. Since 1993, Appellant has been almost continually in contact with the criminal justice system as a consequence of a myriad of increasingly serious offenses, many involving fraud and identity theft, and many resulting in lengthy sentences of imprisonment or parole. "An upward departure from category VI is permissible when a district court finds that a defendant has a long record of criminal conduct of escalating seriousness and prior incarcerations have not affected his propensity to commit crimes." *United States v. Segura-Del Real*, 83 F.3d 275, 277 (9th Cir. 1996).

**AFFIRMED.**